Dear County Macy,
¶ 0 This office has received your letter asking for an official Attorney General Opinion addressing the following question:
May the members of the County Board of Equalization and CountyExcise Board receive the salary increases adopted during the 1999Legislative session which became effective November 1, 1999?
¶ 1 County Boards of Equalization are created at 68 O.S. 2861
(1999).
¶ 2 The Boards' authority is found at 68 O.S. 2863(B) (1999), which provides:
 "B. It shall be the duty of the boards and they shall have the authority to:
 "1. Raise or lower appraisals to conform to the fair cash value of the property, as defined by law in response to a protest filed as prescribed by law;
"2. Add omitted property;
"3. Cancel assessments of property not taxable; and
 "4. Hear all grievances and protests filed with the board secretary as outlined in Section 68 O.S. 2877
of this title."
¶ 3 Before entering upon their duties, members of the County Board of Equalization must subscribe to the oath required of other county officers. See 68 O.S. 2862(A) (1999).
¶ 4 Title 68 O.S. 3005.1(A) (1999) creates the Excise Board, consisting of the members of the Equalization Board.
¶ 5 During 1999, the Legislature amended 68 O.S. 2862(C) (1991) and 68 O.S. 3005.1(C) (1991) to provide for increases in the salary of members of the Board of Equalization and Excise Boards in counties having an assessed valuation of two billion dollars ($2,000,000,000) or more. The Act increasing the compensation of Excise and Equalization board members was passed and became effective during the terms of the current members of the Equalization and Excise Boards.
¶ 6 The Oklahoma Constitution, Article XXIII, Section 10 limits the power of the Legislature to increase the pay for any public official during that official's term of office. Article XXIII, Section 10 provides:
 "Except wherein otherwise provided in this Constitution, in no case shall the salary or emoluments of any public official be changed after his election or appointment, or during his term of office, unless by operation of law enacted prior to such election or appointment; nor shall the term of any public official be extended beyond the period for which he was elected or appointed."
¶ 7 Therefore, the dispositive issue is whether the members of the County Equalization and Excise Boards are public officials within the meaning of Article XXIII, Section 10 of the Oklahoma Constitution. If the Board members are public officials, their salaries may not be increased during their terms of office.
¶ 8 The Supreme Court of Oklahoma in Oklahoma City v. Century Indem. Co., 62 P.2d 94, 97 (Okla. 1936), established the elements of public office as follows:
 "(a) The specific position must be created or authorized by law;
 "(b) there must be certain definite duties imposed by law on the incumbent; and
 "(c) they must involve the exercise of some portion of the sovereign power. . . ."
¶ 9 A position which has these three elements is presumptively an of fice while one which lacks any of them is mere employment.See id.
¶ 10 The Excise Board is responsible for the preparation and adoption of a county budget. The Board:
 "Functions as a watchdog agency which is empowered to require adequate and accurate reporting of finances and expenditures for all budgets and supplemental purposes and to review all appropriations and requests to determine if they are legal and adequately funded."
Summey v. Tisdale, 658 P.2d 464, 467 (Okla. 1982); see also68 O.S. 3006 (1991).
¶ 11 After the financial statements and estimates of need have been reviewed, public hearings are held and necessary changes are made in the estimates, the budget is approved by the County Excise Board and filed in the County Clerk's Office.
¶ 12 Applying the three-part test found in Century Indemnity, members of the County Board of Equalization and the County Excise Board are public officials within the meaning of Article XXIII, Section 10 ofthe Oklahoma Constitution. Both offices are created by statute and the officials perform specifically defined duties. The Equalization Board has the authority to review a county assessor's determination as to the assessed valuation of real property for purposes of taxation. The County Excise Board, on the other hand, is specifically empowered to adopt a county budget. Each of these entities is involved in some exercise of a portion of the sovereign power.
¶ 13 Due to the public nature of the powers vested in both the Board of Equalization and the Excise Board, the members of those boards hold public offices. Therefore, pursuant to the Oklahoma Constitution, Article XXIII, Section 10, the salary of a member of the County Equalization Board or County Excise Board may not be increased after his or her election or appointment unless by operation of a law enacted prior to such election or appointment.
¶ 14 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Members of the County Board of Equalization and County ExciseBoard may not receive the salary increase enacted during the 1999legislative session, if such increase results from a statutepassed during their term of office. See OKLA. CONST. ArticleXXIII, Section 10.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DOUGLAS F. PRICE ASSISTANT ATTORNEY GENERAL